UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE R. REDMOND, <br>     Plaintiff, <br><br> v. <br><br> UNITED STATES PAROLE COMMISSION, <br>     Defendant. | Civil Action No. 18-2214 (CKK) |

**MEMORANDUM OPINION**
(September 4, 2019)

    Plaintiff Jesse R. Redmond, proceeding *pro se*, alleges that Defendant United States Parole Commission ("Commission") has infringed on his Fifth Amendment rights in various ways relating to the Commission's past denials of parole for Redmond. Pending before the Court is Defendant's [10] Motion to Dismiss, which argues in part that this Court lacks subject-matter jurisdiction to hear this case on sovereign immunity grounds. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will **GRANT** Defendant's Motion to Dismiss.[2]

---

[1] The Court's consideration has focused on the following documents:

- Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 10;
- Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 16;
- Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Def.'s Reply"), ECF No. 21; and
- Pl.'s Surreply to Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Surreply"), ECF No. 23.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

[2] Redmond argues that the Commission has failed to file an answer during the period provided by Federal Rule of Civil Procedure 12(a)(1)(A). *See* Pl.'s Opp'n at 1–3. However, under Rule 12(a)(4), serving a motion to dismiss under Rule 12(b), as the Commission has done here, extends the time period for filing an answer.

1

# I. BACKGROUND

Redmond was convicted in 1996 of first-degree sexual assault in the Superior Court of the District of Columbia. *See Redmond v. United States*, 829 A.2d 229, 230 (D.C. 2003) (affirming conviction), *cert. denied*, 543 U.S. 914 (2004). Redmond became eligible for parole in 2011. *Redmond v. Holland*, No. 16-6521, 2017 U.S. App. LEXIS 20556, at *2 (6th Cir. Aug. 10, 2017). At his initial hearing in July 2010, despite the applicable guidelines indicating that Redmond should be granted parole, the Commission denied parole. *Id.* It explained its departure by reasoning that there was a "reasonable probability" that Redmond would "not obey the law if released" and that his "release would endanger the public safety." *Id.* (internal quotation marks omitted). The Commission stated that he was "a more serious parole risk than" the guidelines indicated because the victim of the crime for which he had been convicted was a "74 year old woman [with] who[m] [he] engaged in sodomy and intercourse." *Id.* (alterations in original) (internal quotation marks omitted). The Commission also based its decision on the grounds that Redmond had not completed any rehabilitative programs. *Id.* It denied his request to reconsider the denial of his parole. *Id.*

At his second parole hearing on July 28, 2011, Redmond presented testimony indicating that he had completed a rehabilitative program, Moral Recognition Therapy. *Id.* at *2–3. The Commission once again denied parole, notwithstanding the hearing examiner's recommendation that parole be granted. *Id.* The Commission relied on the recommendation of an executive reviewer who emphasized that Redmond continued to insist on his innocence and thus had not accepted responsibility for his crime. *Id.* It denied Redmond's request for reconsideration and suggested he participate in either a sex offender treatment program or another comprehensive rehabilitative program. *Id.* at *3–4.

Redmond's third parole hearing occurred on July 30, 2014. *Id.* at *4. Redmond presented testimony that he had participated in the Moral Recognition Therapy program for almost two years, had mentored other participants in the program, and had attended an anger management class. *Id.* at *4–5. Additional testimony indicated that he had not participated in a sex offender treatment program because none were available at his prison, and because he was ineligible for transfer to another prison with such a program. *Id.* The hearing examiner recommended parole, the executive reviewer disagreed, and the Commission again denied Redmond parole. *Id.* at *5. It based its decision on the "extreme cruelty to [Redmond's] victim," which it described as including not only "forcible vaginal rape" but also "rectal and oral sodomy," even though Redmond had been acquitted of the latter charges in 1996. *Id.* at *5–6 (alteration in original) (internal quotation marks omitted). The Commission also found that denial was warranted because the Moral Recognition Therapy program was inadequate to reduce the risk that Redmond posed and because he continued to claim that he was innocent, which indicated that he was "not fully rehabilitated." *Id.* at *6 (internal quotation marks omitted).

After the Commission's denial of parole in 2011, Redmond filed a suit in federal court seeking damages and claiming that the denial had deprived him of his rights under the First and Fifth Amendments. *Redmond v. Fulwood*, No. 14-cv-0308, 2014 U.S. Dist. LEXIS 54300, at *1 (D.D.C. Apr. 18, 2014), *aff'd on other grounds*, 859 F.3d 11 (D.C. Cir. 2017). The district court dismissed the suit and the D.C. Circuit affirmed on the basis that the former Chairman of the Commission, Isaac Fulwood, Jr., enjoyed qualified immunity as to each of Redmond's claims. *Redmond v. Fulwood*, 859 F.3d at 14.

Subsequently, on August 7, 2015, Redmond filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, alleging that the Commission lacked a rational basis to deny him

3

parole in 2014 based on several grounds. *Redmond v. Holland*, No. 15-141-KKC, 2016 U.S. Dist. LEXIS 106716, at *1 (E.D. Ky. Aug. 12, 2016), *rev'd*, 2017 U.S. App. LEXIS 20556; *see* Compl. ¶ 3. The district court denied his petition and found that the Commission's denial had "satisfie[d] the highly deferential standard of review accorded to parole determinations." *Redmond v. Holland*, 2016 U.S. Dist. LEXIS 106716, at *2; *see* Compl. ¶ 4. On appeal, the Sixth Circuit reversed, finding that the Commission did lack a rational basis to deny Redmond parole. *Redmond v. Holland*, 2017 U.S. App. LEXIS 20556, at *11; *see* Compl. ¶¶ 5–7.

The Commission conducted a new parole hearing for Redmond on April 13, 2017. Compl. ¶ 8. He was granted parole on July 7, 2017 and released on December 2, 2017. *Id.* Redmond subsequently filed this suit against the Commission on September 25, 2018.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges a court's jurisdiction to hear the case. "Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court—plaintiff in the present action—bears the burden of establishing that the court has jurisdiction." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 169–70 (D.D.C. 2007), *aff'd*, No. 07-5328, 2008 U.S. App. LEXIS 6642 (D.C. Cir. Mar. 17, 2008). In determining whether the court has jurisdiction, "the court need not limit itself to the allegations of the complaint," and "may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction over the case." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002).

"At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). "The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions

4

that are cast as factual allegations." *Chandler*, 215 F. Supp. 2d at 168. And because a court has an affirmative obligation to determine whether it has subject-matter jurisdiction, "plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." [3] *Wright*, 503 F. Supp. 2d at 170 (internal quotation marks omitted).

## III. DISCUSSION

Courts construe *pro se* pleadings liberally and must hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Construed in this light, Redmond's Complaint brings claims against the Commission under 42 U.S.C. § 1983 on the basis that the Commission infringed on Redmond's Fifth Amendment rights,[4] and specifically his "liberty interest" in parole, in five ways: (1) by denying his parole despite the Commission's lack of a rational basis, Compl. ¶ 9; (2) by referring to his actions as including rectal and oral sodomy when Redmond was acquitted of such charges, Compl. ¶ 10; (3) by denying his parole because he had not completed a sex offender treatment program despite his participation in the Moral Recognition Therapy

---

[3] The Commission also moved to dismiss for failure to state a claim under Rule 12(b)(6). Because the Court concludes that it lacks subject-matter jurisdiction over Redmond's claims, it need not reach the Commission's arguments under Rule 12(b)(6).

[4] While the Commission is a federal entity, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, it "assume[d] the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole, and to impose conditions upon an order of parole, in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia Code." D.C. Code § 24–131(a)(1) (2019). The Court thus construes Redmond's references to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), *see, e.g.*, Pl.'s Opp'n at 6–7, 10, as indications that he intends to bring this suit under § 1983, the equivalent when the Commission acts under color of District of Columbia law.

5

program, Compl. ¶ 11; (4) by denying his parole on the basis that he had not accepted responsibility for his crimes, Compl. ¶ 12; and (5) by failing to "immediate[ly] release" Redmond following the Sixth Circuit's decision finding that the Commission lacked a rational basis to deny him parole, Compl. ¶ 13. In its Motion to Dismiss, the Commission argues that this Court lacks subject-matter jurisdiction over this suit because the Commission enjoys sovereign immunity from Redmond's § 1983 claims. *See* Def.'s Mot. at 5–8. The Court agrees.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Sovereign immunity is jurisdictional in nature," and unless there is an unequivocal waiver of that immunity, it "shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Redmond appears to suggest that the Federal Tort Claims Act's waiver for discretionary functions might apply here, *see* Pl.'s Opp'n at 11–12; Pl.'s Surreply at 6, but insofar as his claims all arise under the Fifth Amendment and are "constitutional torts," *see* Pl.'s Opp'n at 12 (describing rights deprived as "constitutional rights under the Fifth Amendment"); Pl.'s Surreply at 6 (describing claims as "constitutional claims violations"), that waiver does not apply. *See Meyer*, 510 U.S. at 478 ("[T]he United States simply has not rendered itself liable under [the Federal Tort Claims Act] for constitutional tort claims."); *see also Morgan v. U.S. Parole Comm'n*, 304 F. Supp. 3d 240, 248 (D.D.C. 2016) (finding that Federal Tort Claims Act did not act as waiver for constitutional tort claims under § 1983 against Commission).

In fact, there is no "clear statement that would make the Commission itself subject to liability under § 1983." *Settles*, 429 F.3d at 1105. "Despite its role in administering parole for D.C. Code offenders, the Commission retains the immunity it is due as an arm of the federal

sovereign." *Id.* at 1106; *see also Stoddard v. Wynn*, 68 F. Supp. 3d 104, 112 (D.D.C. 2014) ("It is true that the Commission itself is an arm of the Federal Government and thus is entitled to sovereign immunity."). Sovereign immunity therefore shields the Commission from Redmond's § 1983 claims. *See, e.g.*, *Thomas v. Smoot*, No. 16-5024, 2018 U.S. App. LEXIS 13045, at *1 (D.C. Cir. May 16, 2018) (affirming district court's dismissal of suit against Commission on sovereign immunity grounds); *Carter-El v. D.C. Dep't of Corr.*, No. 12-5357, 2013 U.S. App. LEXIS 13971, at *1 (D.C. Cir. July 5, 2013) (same); *Jones v. Fulwood*, 860 F. Supp. 2d 16, 21 (D.D.C. 2012) ("The United States has not waived this immunity, and the plaintiff's claims against the [United States Parole Commission] are therefore barred." (citation omitted)); *Bolden-Bey v. U.S. Parole Comm'n*, 731 F. Supp. 2d 11, 14 (D.D.C. 2010) ("[T]he plaintiff's claims against the [United States Parole Commission] must be dismissed for lack of subject matter jurisdiction."); *Ali v. U.S. Parole Comm'n*, No. 06-0235, 2007 U.S. Dist. LEXIS 20777, at *4 (D.D.C. Mar. 23, 2007) ("[P]laintiff's § 1983 claims against the Parole Commission are barred."), *aff'd*, No. 07-5134, 2007 U.S. App. LEXIS 27270 (D.C. Cir. Nov. 23, 2007). Accordingly, Redmond's § 1983 claims against the Commission must be dismissed for lack of subject-matter jurisdiction.

Redmond has not clearly brought any claims against individual Commissioners, in either their official or personal capacities, although he has sometimes included "et al." in the Defendant portion of the caption in his pleadings. *See, e.g.*, Compl. at 1; Pl.'s Opp'n at 1. *But see* Pl.'s Surreply at 1 (listing United States Parole Commission as sole Defendant). His Complaint contains no allegations against specific Commissioners. Moreover, he previously filed suit against prior Commission Chair Isaac Fulwood, Jr., in his personal capacity, *see Redmond v. Fulwood*, 859 F.3d at 12, which demonstrates that he has knowledge of how to sue individual Commissioners. However, even if the Complaint were construed liberally to allege claims against individual

7

Commissioners, *see, e.g.*, *Fletcher v. District of Columbia*, 370 F.3d 1223, 1227 n.* (D.C. Cir. 2004) (construing *pro se* complaint liberally as alleging claims against both Commission and individual Commissioners), *judgment vacated on reh'g*, 391 F.3d 250 (D.C. Cir. 2004), Redmond's suit would still be barred.

Generally, "a cause of action under § 1983 will lie against the individual members of the Commission when acting pursuant to the Revitalization Act," which authorized the Commission to grant or deny parole for D.C. prisoners. *Settles*, 429 F.3d at 1104. To the extent that the Commissioners or Chair could be sued in their official capacities here, such suits "generally represent only another way of pleading an action against an entity of which an officer is an agent," and so such "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal quotation marks omitted). As a result, those suits would similarly be barred on sovereign immunity grounds. *See, e.g.*, *Boling v. U.S. Parole Comm'n*, No. 17-5285, 2018 U.S. App. LEXIS 35642, at *1–2 (D.C. Cir. Dec. 19, 2018) (affirming district court's dismissal of official-capacity suit against Chair of Commission on sovereign immunity grounds); *Thomas*, 2018 U.S. App. LEXIS 13045, at *1 (same); *Ali*, 2007 U.S. Dist. LEXIS 20777, at *5 ("Sovereign immunity thus bars plaintiff's § 1983 claims for monetary damages against defendants Reilly and Haworth in their official capacities.").

And to the extent that the Complaint can be liberally read to allege claims against the Chair or Commissioners in their personal capacities, such a suit would likewise be barred. The Chair and Commissioners enjoy qualified immunity for each of Redmond's claims. *Cf. Redmond v. Fulwood*, 859 F.3d at 14–15 (affirming district court's dismissal of suit brought by Redmond against prior Commission Chair for similar claims on qualified immunity grounds). "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts

showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Courts have discretion as to the order in which they consider the two prongs of the qualified immunity analysis. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

In the instant case, Redmond has not satisfied the first prong because he has failed to sufficiently plead facts showing that a constitutional right was violated. He has consistently identified the relevant right for each of his claims as his "liberty interest" in parole under the Fifth Amendment. *See, e.g.*, Compl. ¶¶ 1–3 (framing Commission's actions as "violating plaintiff['s] liberty interest to be release[d] on parole"), 9–13 (same); *see also* Pl.'s Opp'n at 9 (describing claims as implicating liberty interest in parole under Fifth Amendment); Pl.'s Surreply at 5–6 (framing Commission's actions as "clear violation of the plaintiff['s] constitutional rights under the First and Fifth Amendment[s]"). However, "the Constitution itself does not create any liberty interest in parole," and "such an interest must emanate from state law, or in this case, District of Columbia law." *Ellis v. District of Columbia*, 84 F.3d 1413, 1415 (D.C. Cir. 1996). The District of Columbia Code creates "no 'expectancy of release' entitling a prisoner to due process protections." [5] *Id.* (internal quotation marks omitted) (quoting *Price v. Barry*, 53 F.3d 369, 371 (D.C. Cir. 1995) (per curiam)); *see also Boling*, 2018 U.S. App. LEXIS 35642, at *2 ("Appellant's due process claim fails because neither the Constitution nor D.C. law creates a due process liberty interest in parole."); *Johnson v. District of Columbia*, 67 F. Supp. 3d 157, 164 (D.D.C. 2014) ("[I]t is established that D.C. prisoners do not have a constitutionally protected liberty interest in being

---

[5] Redmond cites to cases discussing due process rights in similar contexts, but they are inapplicable here. For example, in *Miller v. Or. Bd. of Parole and Post Prison Supervision*, 642 F.3d 711 (9th Cir. 2011), an Oregon parole statute was at issue, *see id.* at 715–16. Similarly, in *McQuillion v. Duncan*, 306 F.3d 895 (9th Cir. 2002), the Ninth Circuit considered a California parole statute, *see id.* at 900–03.

released to parole."), *aff'd*, 927 F.3d 539 (D.C. Cir. 2019); *Johnson v. United States*, 590 F. Supp. 2d 101, 109 (D.D.C. 2008) ("It has been established that District of Columbia prisoners do not have a constitutionally protected liberty interest in parole and therefore have no protections under the due process clause with respect to parole determinations or procedures."). Accordingly, this Court lacks subject-matter jurisdiction over Redmond's claims and this case must be dismissed. Because the Court has determined that it does not have subject-matter jurisdiction over this case, the Court does not address the Commission's statute of limitations and preclusion arguments.

## IV.  CONCLUSION

For the foregoing reasons, the Court shall **GRANT** Defendant's Motion to Dismiss and **DISMISS** this case.  An appropriate Order accompanies this Memorandum Opinion.


Dated:  September 4, 2019

>             /s/
> COLLEEN KOLLAR-KOTELLY
> United States District Judge